**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BLAIR DOUGLASS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:20-cv-491-AJS |
| | ) | |
| v. | ) | |
| | ) | |
| '47 BRAND, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant, '47 Brand, LLC, submits this Brief in Support of its Motion to Dismiss the Complaint filed by Plaintiff Blair Douglass (ECF No. 1) for failure to state a claim upon which relief may be granted.

**I.  INTRODUCTION**

Plaintiff is a serial ADA tester, who has filed over 20 cookie-cutter complaints in this Court alleging that the websites of various businesses are not accessible to blind and visually impaired individuals in violation of Title III of the Americans with Disabilities Act ("ADA"). Plaintiff's claim fails as a matter of law under Third Circuit precedent because a website – standing alone – is not a "place of public accommodation" under Title III of the ADA. Instead, the law in the Third Circuit is clear that Title III of the ADA only applies to websites if there is nexus between the website and a physical place of a public accommodation. Here, that nexus is lacking. Nor could Plaintiff ever establish such a nexus because '47 Brand does not own, operate, or control *any* physical place of public accommodation. Thus, the Court should dismiss Plaintiff's claim with prejudice, as allowing amendment would be futile.

**II.  BACKGROUND**

Plaintiff alleges that he is blind and "relies on screen reader auxiliary aids, including

JAWS 2020 from Freedom Scientific and VoiceOver with iOS, to access digital information, like a Microsoft Word document, an email, or a website." Compl., ECF No. 1 ¶ 3. According to the Complaint, '47 Brand has an online store "located at https://www.47brand.com/ and http://blog.47brand.com/ (the 'Digital Platform'), which Digital Platform '47 Brand owns, operates, and controls." *Id.* ¶ 6. Plaintiff alleges that, on some unspecified date, he "attempted to access the Digital Platform from Pittsburgh, Pennsylvania." *Id.* ¶ 23. But "because of '47 Brand's failure to build its Digital Platform in a manner that is compatible with screen reader auxiliary aids," Plaintiff alleges, he "is unable to understand, and thus is denied the benefit of, much of the content and services he wishes to access." *Id.*

Plaintiff alleges that "[t]hese barriers, and others, deny [him] full and equal access to all of the services the Digital Platform offers, and now deter him from attempting to use the Digital Platform." *Id.* ¶ 27. According to Plaintiff, "[i]f the Digital Platform were accessible," he "could independently research and purchase '47 Brand's products and access its other online content and services." *Id.* ¶ 28. As Plaintiff acknowledges, though, "'47 Brand *does not operate a brick-and-mortar retail storefront* which [Plaintiff]. . . may visit in person." *Id.* ¶ 5 (emphasis added).

### III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, "a motion to dismiss should be granted if a party does not allege facts which could, if

established at trial, entitle him to relief." *Basile v. Westmoreland Cnty.*, 2013 U.S. Dist. LEXIS 85924, at *3 (W.D. Pa. June 19, 2013) (citing *Fowler*, 578 F.3d at 211).

## IV. ARGUMENT

The Court should dismiss the Complaint because (1) a website, by itself, is not a place of public accommodation; and (2), Plaintiff has not plausibly alleged a nexus between '47 Brand's website and a physical place of public accommodation.

### A. '47 Brand's Website, On Its Own, Is Not a Public Accommodation.

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any *place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). "The phrase 'public accommodation' is defined in terms of 12 extensive categories." *PGA TOUR, Inc. v. Martin*, 532 U.S. 661, 676 (2001). Websites, however, are not included on that list. *See* 42 U.S.C. § 12181(7) (defining "public accommodations" as, among other things, places of lodging, establishments serving food or drink, places of entertainment, places of public gathering, sales or rental establishments, health care providers, a variety of service establishments, stations used for public transportation, places of public displays or collections, places of recreation, places of education, social service center establishments like day care or homeless shelters, and places of exercise or recreation).

"[I]n keeping with the host of examples of public accommodations provided by the ADA, all of which refer to places[,]" the Third Circuit has expressly recognized that "[t]he plain meaning of Title III is that *a public accommodation is a place[.]*" *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998) (emphasis added). While other Courts of Appeals have

accorded "the term 'public accommodation' . . . some broader meaning," the Third Circuit – on two occasions – has declined to do so. *Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) (citing *Ford*, 145 F.3d at 612). Instead, it is still "among those [courts] that have taken the position that *the term is limited to physical accommodations.*" *Id.* (emphasis added). This Court remains bound by that precedent, as does the Third Circuit. *See id.* "Since a website is not a physical accommodation," Plaintiff's claim "must be dismissed." *Anderson v. Macy's Inc.*, 2012 U.S. Dist. LEXIS 108569, at *11 (W.D. Pa. Aug. 2, 2012) (Hornak, C.J.).

To be sure, '47 Brand recognizes that this Court has reached a contrary conclusion in prior cases. *See, e.g.*, *Clark v. McCormick & Co., Inc.*, Case No. 1:19-cv-00301-AJS, ECF No.99 (W.D. Pa. Jan. 16, 2020); *West v. Docusign, Inc.*, 2019 U.S. Dist. LEXIS 138379 (W.D. Pa. Aug. 15, 2019); *Suchenko v. ECCO USA, Inc.*, 2018 U.S. Dist. LEXIS 139050, at *7 (W.D. Pa. Aug. 16, 2018); *Gniewkowski v. Lettuce Entertain You Enters., Inc.*, 251 F. Supp. 3d 908 (W.D. Pa. 2017). However, its decisions conflict with other earlier decisions from at least one other judge in this district, *see Macy's*, 2012 U.S. Dist. LEXIS 108569, at *11, and the weight of authority from other district courts in the Third Circuit that have very recently considered this issue, *see, e.g.*, *Mahoney v. Herr Foods Inc.*, 2020 U.S. Dist. LEXIS 72333, at *8 (E.D. Pa. Apr. 24, 2020) (holding that "Defendant's website, on its own, is not a public accommodation"); *Mahoney v. Bittrex, Inc.*, 2020 U.S. Dist. LEXIS 5746, at *5 (E.D. Pa. Jan. 14, 2020) (holding that "[a] website, by itself, is not a physical location and therefore does not constitute a place of public accommodation); *Walker v. Sam's Oyster House, LLC*, 2018 U.S. Dist. LEXIS 158439, at *5 (E.D. Pa. Sept. 18, 2018) (holding that "[a] website is not a physical location and therefore does not constitute a place of public accommodation"); *Tawam v. APCI Fed. Credit Union*, 2018 U.S.

Dist. LEXIS 131185, at *6 (E.D. Pa. Aug. 6, 2018) (noting that "the federal credit union location, as opposed to the website, is the 'place of public accommodation' at issue").

Respectfully, in light of the growing number of decisions holding that a website is not a place of public accommodation, the Court should reconsider its prior decisions. Indeed, in the Court's first decision on the issue, the Court did not have to resolve that question because there was no dispute that the defendant, Ameriserv, had physical bank locations, not just a website. *See Gniewkowski*, 251 F. Supp. 3d at 915 ("AmeriServ does not dispute that it is a bank and is, therefore, a place of public accommodation."). While the Court followed that same rationale in later cases, those cases were distinguishable from *Gniewkowski* because the defendants lacked physical locations; thus, the court's rationale in *Gniewkowski* was not directly applicable. Moreover, in those cases, the Court focused on whether the defendant owned or operated the website at issue – to distinguish *Ford* and *Peoples* – not the question of whether a website that is not connected to any physical location is, standing alone, a place of public accommodation. *See, e.g.*, *ECCO USA*, 2018 U.S. Dist. LEXIS 139050, at *7 (noting that ECCO, "like other corporate defendants in *Gniewkowski* and *Suchenko*, purportedly owns, operates, and/or controls property upon which the alleged discrimination has taken place – i.e., its website").

But that is the threshold question in this case and others like it. It is not enough that a defendant owns, operates or controls the *website*. Instead, the website must, as an initial matter, qualify as a place of public accommodation. And "[t]he unmistakable language of the Third Circuit's decisions in *Ford* and *Peoples* compels the conclusion that [a] website, on its own, is not a public accommodation under the ADA." *Herr Foods*, 2020 U.S. Dist. LEXIS 72333, at *7-8. "[T]he principle of *stare decisis* obligates this Court to follow *Ford*'s holding that the ADA applies only to physical places." *Id.* Accordingly, Plaintiff's complaint must be dismissed.

### B. Plaintiff Has Not Alleged a Nexus Between '47 Brand's Website and a Physical Place of Public Accommodation.

Even though a physical place or location is required, the Third Circuit has held that a good or service provided by a public accommodation can be covered by the ADA as long as there is "some nexus between the services or privileges denied and the physical place . . . ." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998). As the Ninth Circuit recently explained, "[t]his nexus . . . is critical to [the] analysis." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). "Because the statutory cause of action is tethered to the physical location of the place of public accommodation, a plaintiff must allege an injury suffered *in relation to the place of public accommodation*." *Sam's Oyster House*, 2018 U.S. Dist. LEXIS 158439, at *5 (emphasis added). In other words, the alleged inaccessibility of the website must impede access to the goods and services of the physical place of public accommodation. *See Domino's*, 913 F.3d at 905. By contrast, "[a] mere inability to access information on the Website, without more, is not cognizable under the ADA as a matter of law." *Sam's Oyster House*, 2018 U.S. Dist. LEXIS 158439, at *5.

Here, Plaintiff admits that "'47 Brand *does not operate a brick-and-mortar retail storefront*[.]" Compl., ECF No. 1 ¶ 5 (emphasis added). Therefore, Plaintiff cannot establish the requisite nexus between '47 Brand's website and any physical place of public accommodation. Because he cannot show such a nexus, Plaintiff claim fails as matter of law and must be dismissed with prejudice.

## C. **CONCLUSION**

For the foregoing reasons, the Court should grant '47 Brand's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.


Date:  June 12, 2020                                             Respectfully submitted,

*s/ Ryan J. Wilk*
Christian Antkowiak (PA 209231)
christian.antkowiak@bipc.com
Ryan J. Wilk (PA 316696)
ryan.wilk@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-4413
Telephone:  412-562-8800
Fax:  412-562-1041

*Attorneys for Defendant*