**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BLAIR DOUGLASS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:20-cv-491-AJS |
| | ) | |
| v. | ) | |
| | ) | |
| '47 BRAND, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF**

Defendant, '47 Brand, LLC, submits this Reply Brief in support of its Motion to Dismiss the Complaint filed by Plaintiff Blair Douglass. Plaintiff admits that "'47 Brand does not operate a brick-and-mortar retail storefront." Compl., ECF No. 1 ¶ 5. Notwithstanding that concession, he argues that he can state a claim under the "plain meaning" of Title III because '47 Brand is a "clothing store." Far from being supported by the text of the statute, this argument ignores the fact that the Third Circuit has limited the definition of "public accommodation" to physical spaces. Indeed, this is the only interpretation supported by the statutory text. Thus, the Court should reject Plaintiff's arguments and dismiss the Complaint.

**I.    ARGUMENT**

   **A.    '47 Brand Is Not a "Public Accommodation."**

Plaintiff's response rests on a flawed premise: that '47 Brand – a sports lifestyle brand that, as Plaintiff admits, has no physical store locations – constitutes a "public accommodation" under the "ADA" because it is a "clothing store." That is not the law in the Third Circuit. Nor does Plaintiff's argument find any support in the plain text of the statute.

Title III of the ADA states:

No individual shall be discriminated against on the basis of disability in the full

> and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of *any place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a) (emphasis added). Thus, to be liable under the statute, '47 Brand must be a "person who owns, leases (or leases to), or operates a *place of public accommodation*." *Id.* (emphasis added).

Under the statute, "private entities are considered public accommodations . . . if the operations of such entities affect commerce" and fall into one of twelve enumerated categories. *Id.* § 12181(7).

As the Third Circuit has made clear, "[t]he litany of terms" in Section 12181(7) "refer to places with resources *utilized by physical access*." *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 614 (3d Cir. 1998) (emphasis added). "They are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 534 (5th Cir. 2016) (internal quotation omitted). "Accordingly," the Third Circuit has held that "the term 'public accommodation' or the terms in 42 U.S.C. § 12181(7) [do not] refer to non-physical access[.]" *Ford*, 145 F.3d at 614. The Third Circuit has also rejected the notion that the terms are ambiguous: under a plain reading, the terms simply do not extend to non-physical spaces like '47 Brand's website. *Id.*

Contrary to Plaintiff's contentions, this is the only interpretation supported by the plain language of the statute. *See id.* at 612-13. "The plain meaning of Title III is that a public accommodation is a place." *Id.* at 614. The term "place" means "*a building or locality* used for a special purpose." *Place*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) (emphasis added). As Plaintiff himself admits, '47 Brand does not have a building or locality from which it

2

sells its products. Compl., ECF No. 1 ¶ 5. Thus, it is not a "place of public accommodation" under the statute.

Plaintiff offers no response to this text-based argument. Instead, he argues that '47 Brand is a "clothing store" (one of the enumerated categories in Section 12181(7)(E)) and, thus, covered by Title III. Here again, the text of the statute does not actually support Plaintiff's theory, and Plaintiff makes no attempt to even square his argument with the plain meaning of the statute's terms.  "Store" is defined as "a business *establishment* where usually diversified goods are *kept for retail sale*." *Store*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) (emphasis added). An "establishment," in turn, means "a *place of business* or residence *with its furnishings and staff*." *Establishment*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999). As the Supreme Court has likewise recognized, the term "establishment" is "normally used in business and in government . . . as meaning a distinct *physical place of business*." *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 496 (1945) (emphasis added). And as already noted, "place" means "*a building or locality* used for a special purpose." *Place*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) (emphasis added). Read together, these definitions make clear that only *physical* stores – not online-only retailers – constitute "public accommodations" under Section 12181(7)(E). As a result, based on a plain reading of the statute,'47 Brand is not a "clothing store" within the meaning of the ADA because it lacks physical locations and, thus, not a public accommodation.[1]

---

[1] The DOJ's regulatory guidance also confirms that Section § 12181(7)(E) is limited to "actual stores." *Magee*, 833 F.3d at 536 (citing Americans with Disabilities Act Title III Covering Public Accommodations and Commercial Facilities, § III-1.2000, *available at* https://www.ada.gov/taman3.html)).

> **B. Plaintiff Cannot Establish a Nexus Between a Place of Public Accommodation and the '47 Brand Website.**

Plaintiff argues that "consumers who are blind are entitled to full and equal access to a retailer's goods and services, regardless of whether those goods and services are provided at a physical location or online." Pl.'s Resp., ECF No. 85 at 6-7. Not so. As the Third Circuit has explained, "the 'goods, services, facilities, privileges, advantages, or accommodations' concerning which a disabled person cannot suffer discrimination are not freestanding concepts but rather all refer to the statutory term 'public accommodation' and thus to what these places of public accommodation provide." *Ford*, 145 F.3d at 613. Plaintiff "cannot point to these terms as providing protection from discrimination *unrelated to places*." *Id.* (emphasis added). Because Plaintiff cannot, as a matter of law, establish that '47 Brand is a "public accommodation" under the plain terms of the statute (and Plaintiff makes no argument that the website, standing alone, is a public accommodation), he has not plausibly alleged that he was "discriminated against in connection with a public accommodation." *Id.* Thus, Plaintiff fails to state a claim, and the Court should dismiss the Complaint with prejudice.

The decisions from this Court on which Plaintiff rely do not compel a different conclusion. For example, in *Gniewkowski v. Lettuce Entertain You Enters., Inc.*, 251 F. Supp. 3d 908, 915 (W.D. Pa. 2017), the defendant did "not dispute that it is a bank and is, therefore, a place of public accommodation." Of course, '47 Brand *does* dispute that it is a public accommodation. Therefore, the Court must address that issue here under the statutory framework discussed above. In its other decisions in this context, the Court has also not directly addressed Plaintiff's argument – that a defendant like '47 Brand, with no physical presence – constitutes a "public accommodation" under the statute.

**II.     CONCLUSION**

'47 Brand respectfully requests that, given the plain statutory meaning, the growing consensus from other courts in the Third Circuit, and the fact this case is distinguishable from this Court's prior holdings in other ADA matters, Plaintiff's claims should be dismissed. For the foregoing reasons, as well as those in '47 Brand's Motion to Dismiss and Brief in Support, the Court should dismiss Plaintiff's Complaint with prejudice.

Date: July 2, 2020

Respectfully submitted,

*s/ Ryan J. Wilk*
Christian Antkowiak (PA 209231)
christian.antkowiak@bipc.com
Ryan J. Wilk (PA 316696)
ryan.wilk@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-4413
Telephone:  412-562-8800
Fax:  412-562-1041

*Attorneys for Defendant*