IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NORMAL BRAND, L.L.C., )<br>)<br>Defendant. ) | Case No. 2:20-cv-543 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Normal Brand, L.L.C., ("Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss Plaintiff's Complaint (Doc. No. 1) because Plaintiff fails to state a claim under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

## I.    INTRODUCTION

Plaintiff Blair Douglass ("Plaintiff") is a serial website tester who currently has at least twenty (20) active cases in the Western District of Pennsylvania. Defendant owns and operates an online only retailer, wherein users can purchase clothing and clothing-related accessories. Defendant currently has no physical locations where the public can shop or purchase its merchandise – as Plaintiff himself acknowledges. *See* Doc. No. 1 ¶ 5 (admitting that "Normal Brand does not operate a brick-and-mortar retail storefront which Mr. Douglass may visit in person"). In this matter, Plaintiff alleges that Defendant's website, located at https://thenormalbrand.com, fails to comply with the ADA because it is allegedly inaccessible to

individuals with visual impairments, like Plaintiff.  Before reaching the merits of his claim, Plaintiff needs to state a claim upon which relief can be granted.

Although the ADA may allow a cause of action arising out of inaccessible websites under some limited circumstances, those circumstances are not present here.  Put simply, Title III of the ADA does not give rise to a cause of action here because there is no nexus between Defendant's website and a physical location made available to the general public.  Without the nexus to a physical location, Plaintiff's allegations, even taken as true, cannot form the basis for a cause of action under the ADA, and Plaintiff's Complaint should be dismissed with prejudice.

## II.     ISSUE PRESENTED

Should the Court dismiss Plaintiff's Complaint with prejudice where Plaintiff fails to allege Defendant owns or operates a physical location open to the public, and as such there is not a sufficient nexus between Defendant's website and a physical location as required for a cause of action under Title III of the ADA?

## III.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV.    LEGAL ARUGMENT

Plaintiff's Complaint contains the conclusion that Defendant's website is a public accommodation within the definition of Title III of the ADA.  However, Plaintiff's conclusory allegations are contrary to applicable law, as interpreted by the Third Circuit, which limits the ADA's definition of public accommodations to physical spaces, which Defendant undisputedly does not own or operate for its customers or the public.

Title III of the ADA prohibits the owner of a place of public accommodation from engaging in discrimination against disabled persons.  42 U.S.C. § 12182(a).  Although some Court of Appeals have interpreted "public accommodation" to include websites, the Third Circuit has held that a place of public accommodation must be a physical location.  *See Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613-614 (3d Cir. 1998) ("[T]he plain meaning of Title III is that a public accommodation is a place[.]"); *Peoples v. Discover Fin. Servs.*, 387 F. App'x 179, 184 (3d Cir. 2010) ("Our court is among those that have taken the position that the term [public accommodation] is limited to physical accommodation.  Despite [the plaintiff]'s request that we 'clarify or reconsider' our holding in *Ford* and extend our interpretation of public accommodations to include things other than physical places, we are bound by our precedent")(citations omitted); *see also Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998) (requiring "at the very least some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner") (citations omitted).

Based on the Third Circuit's holdings in *Ford and Peoples*, district courts in the Third Circuit – including this one – have held that ADA provisions governing public accommodations do not extend to websites, without a nexus to a physical location made available to the public. *See Anderson v. Macy's Inc.*, 2012 U.S. Dist. LEXIS 108569, at *11 (W.D. Pa. Aug. 2, 2012)

("Since a website is not a physical accommodation, the Title III claim against Macy's Online must be dismissed."); *Mahoney v. Bittrex, Inc.,* 2020 WL 212010, at *3 (E.D. Pa. Jan. 14, 2020) ("Defendant's Website, by itself, is not a place of public accommodation…");*Walker v. Sam's Oyster House, LLC*, 2018 WL 4466075, at *2 (E.D. Pa. Sept. 18, 2018) ("A website is not a physical location and therefore does not constitute a place of public accommodation under… the ADA."); *Demetro v. Nat'l Ass'n of Bunco Investigations*, 2018 WL 2612687, at *15 (D.N.J. June 25, 2019) ("…the term 'public accommodation…is limited to physical accommodations.'") (quoting *Peoples*, 387 F. App'x at 183).

For a provider's website to give rise to an ADA claim, there must be some "nexus" or connection between the website and a physical space available to the public, provided by the website's owner. "If the cause of action is tethered to the physical location of the place of public accommodation, a plaintiff must allege an injury suffered in relation to the place of public accommodation." *Mahoney,* 2010 WL 212010, at *2; *see also Walker*, 2018 WL 4466076, at *2.

Plaintiff has failed to allege Defendant owns or operates a physical location, available to the public, connected to its website. In fact, Plaintiff's Complaint alleges Defendant does not operate a brick-and-mortar retail storefront. Doc No. 1 ¶ 5. Thus, Plaintiff cannot state a claim against Defendant under the ADA as a matter of law.

In addition to the Third Circuit and the various districts therein, numerous other courts have held that a website by itself is not a physical place and that a plaintiff must allege a sufficient connection between the website and their use (or intended use) of a physical structure to state a claim. *See, e.g. Ouellette v. Viacom*, 2011 WL 1882780, at *4-5 (D. Mont. 2011); *Robles v. Domino's Pizza*, 913 F.3d 898, 905 (9th Cir. 2019) (stating that the nexus between a physical place of public accommodation and a website or mobile app is "critical" to determining

whether the "alleged inaccessibility of Domino's website and app impedes access to the goods and services of its physical pizza franchises – which are places of public accommodation"); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006) (denying motion to dismiss and holding "that to the extent that plaintiffs allege that the inaccessibility of Target.com impedes the full and equal enjoyment of goods and services offered in [actual, physical] Target store," the allegations stated a claim upon which relief could be granted); *Access Now., Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (granting defendant's motion to dismiss because plaintiff failed to establish a nexus between southwest.com and any restriction on the full enjoyment of a physical, concrete place of public accommodation); *Rendon v. Valleycrest Prods., Inc.*, 294 F.3d 1279, 1286 (11th Cir. 2002) (holding that the ADA's regulatory reach extends to physical, concrete places of public accommodation or anything that affects access to or enjoyment of those physical spaces); *Gomez v. Bang & Olufsen America, Inc.*, 2017 WL 1957182, *3-4 (S.D. Fla. 2017) (holding that a website that is wholly unconnected to a physical location is generally not a place of public accommodation unless a plaintiff alleges that a website's inaccessibility impedes the plaintiff's access to a specific, physical, concrete space and establishes some nexus between the website and the physical place of public accommodation.

Plaintiff likely will rely on this Court's ruling in *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, 251 F.Supp.3d 908, 918 (W.D. Pa. 2017), for the argument that a website, which is not tethered to a physical space, is a "public accommodation" under the ADA. However, *Gniewkowski* is distinguishable from this matter. There, the defendant, AmeriServ, was a bank that "owned and operated 'brick and mortar' retail locations throughout Pennsylvania." *Id.* at 912. Accordingly, that defendant's website did have a sufficient nexus to

5

physical spaces that it owned and operated (branch and ATM locations, etc.). Here, by contrast, Defendant does not operate or own any physical spaces open to the public or customers. *See* Doc. 1 ¶ 5. Plaintiff does not – and cannot allege that Defendant sells goods and services in any physical location; individuals may only purchase goods online. *Id.* Accordingly, there is not a sufficient nexus between Defendant's website and a public physical space. Under established precedent in the Third Circuit, plaintiff's allegations fail to give rise to an ADA claim, and the Court should dismiss the Complaint.

## V.  CONCLUSION

Defendant has no physical location that it makes available to the public or its customers. Standing alone, its website does not fall within the definition of a "public accommodation" Under the ADA. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and further relief the Court may deem just and proper.

Dated: August 3, 2020

>Respectfully submitted,
>
>BUCHANAN INGERSOLL & ROONEY PC
>
>/s/ Christian Antkowiak
>Christian Antkowiak, PA Bar No. 209231
>christian.antkowiak@bipc.com
>Ryan J. Wilk, PA Bar No. 316696
>ryan.wilk@bipc.com
>Union Trust Building
>501 Grant Street, Suite 200
>Pittsburgh, PA 15219
>Phone:  (412) 562-8800
>Fax:     (412) 562-1041