IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BLAIR DOUGLASS,

               Plaintiff,

     v.

'Normal Brand, LLC,

               Defendant.

Lead Case No. 2:20-cv-00491-AJS

BLAIR DOUGLASS,

               Plaintiff,

     v.

NORMAL BRAND, LLC,

               Defendant.

Member Case No. 2:20-cv-00543-AJS

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1

II.     LEGAL STANDARD ......................................................................................... 1

III.    SUMMARY OF THE COMPLAINT ................................................................. 2

IV.     ARGUMENT ...................................................................................................... 3

        A.      Normal Brand Is A Public Accommodation ......................................... 4

        B.      The Plain Meaning Of The Text Of Title III Does Not Require Public
                Accommodations To Operate A Physical Location .............................. 4

V.      CONCLUSION ................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................1

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................1

*Betancourt v. Ingram Park Mall*,
    735 F. Supp. 2d 587 (W.D. Tex. 2010)...........................................................................3

*Bostock v. Clayton Cty.*,
    2020 U.S. LEXIS 3252 (June 15, 2020) .................................................................... 5, 6

*Clark v. McCormick & Co., Inc.*,
    Case No. 1:19-cv-00301-AJS (W.D. Pa. Jan. 16, 2020)..................................................4

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*,
    867 F.3d 1093 (9th Cir. 2017) ........................................................................................2

*Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*,
    765 F.3d 1205, 1210-11 (10th Cir. 2014) ......................................................................2

*Douglass v. '47 Brand, LLC*,
    Case No. 2:20-cv-00491 (W.D. Pa) ...............................................................................4

*ERC v. Abercrombie & Fitch Co.*,
    Case No. 1:09-cv-03157 (D. Md.) ...................................................................................2

*Ford v. Schering-Plough Corp.*,
    145 F.3d 601 (3d Cir. 1998)........................................................................................4, 5

*Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*,
    251 F. Supp 908 (W.D. Pa. 2017)...............................................................................4, 5

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).........................................................................................................2

*Houston v. Marod Supermarkets, Inc.*,
    733 F.3d 1323 (11th Cir. 2013) ......................................................................................2

*Norkunas v. HPT Cambridge, LLC*,
    969 F. Supp. 2d 184 (D. Mass. 2013) ............................................................................3

*Peoples v. Discover Financial Services*,
    387 Fed.Appx. 79 (3d Cir. 2010).................................................................................4, 5

*Riccio v. Sentry Credit, Inc.*,
    954 F.3d 582 (3d Cir. 2020)..................................................................................6

*Suchenko v. ECCO USA, Inc.*,
    2018 U.S. Dist. LEXIS 129862 (W.D. Pa. Aug. 2, 2018) ..............................4, 5

*Suchenko v. ECCO USA, Inc.*,
    2018 U.S. Dist. LEXIS 139050 (W.D. Pa. Aug. 16, 2018) ...............................4

*West v. DocuSign, Inc.*,
    2019 U.S. Dist. LEXIS 138379 (W.D. Pa. Aug. 15, 2019) ............................4, 5

## STATUTES

42 U.S.C. § 12181.................................................................................................*passim*

42 U.S.C. § 12182...............................................................................................3, 6

## OTHER AUTHORITIES

Kelly Johnson, *Testers Standing up for the Title III of the ADA*,
    59 Cas. W. Res. L. Rev. 683 (2009) ..................................................................3

Plaintiff Blair Douglass ("Mr. Douglass") opposes the Motion to Dismiss submitted by Defendant Normal Brand, LLC ("Normal Brand") for the following reasons.

## I.     INTRODUCTION

Mr. Douglass brings this action because Normal Brand has denied and will continue to deny Mr. Douglass equal access to Normal Brand's online store, a violation of the rights guaranteed by Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 to 12189 ("ADA"). Instead of using its resources to ensure all consumers have full and equal access to its online store, Normal Brand advances a legal argument its counsel knows this Court has rejected six times, including in this case. *See* Order denying [51] Motion to Dismiss for Failure to State a Claim, ECF 92 ("The Motion to Dismiss is DENIED, for the reasons set forth in *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, 251 F. Supp.3d 908 (W.D.Pa 2017)."). The Court should deny Normal Brand's motion because it says nothing the Court has not considered already.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint may be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required, but a complaint must include sufficient factual allegations that, when taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While plausibility does not require a showing of probability, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The plausibility analysis is "context-specific" and requires courts to draw on "judicial experience and common sense." *Id*. at 679.

### III.   SUMMARY OF THE COMPLAINT

Mr. Douglass alleges he is blind, and that, as a result of his blindness, he uses a screen reader to access digital information, like a website. Compl., *Douglass v. Normal Brand, LLC*, Member Case No. 2:20-cv-00543-AJS (W.D. Pa.), ECF 1 at ¶¶ 2, 3 (Apr. 15, 2020). Mr. Douglass also alleges that Normal Brand, a clothing retailer that generates an estimated $15 million in revenue annually, denies blind consumers access to its online store because the store is not compatible with screen readers. *Id*. at ¶¶ 5, 8, 21. For example, Mr. Douglass alleges that Normal Brand charges blind consumers 15% more than shoppers who can see because Normal Brand fails to make some online promotions perceivable by screen readers. *Id*. at ¶ 26(a). Mr. Douglass alleges barriers like this deny him full and equal access to Normal Brand's store and deter his patronage. *Id.* at ¶ 27. Still, Mr. Douglass alleges he will return to the store, where he will continue to encounter discrimination unless Normal Brand modifies its policies and practices consistent with the relief Mr. Douglass seeks. *Id*. at ¶¶ 27, 28, 29.

Normal Brand calls Mr. Douglass a "serial website tester." Brief in Support of Motion to Dismiss, ECF 123 at 1. To the extent Normal Brand means to disparage Mr. Douglass—an active member of the Pennsylvania bar in good standing—the United States Supreme Court and the Department of Justice ("DOJ") have long recognized that "civil rights laws depend heavily upon private enforcement." *Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983); Statement of Interest of the United States of America, *ERC v. Abercrombie & Fitch Co.*, Case No. 1:09-cv-03157 (D. Md.), ECF 38, at 1 (July 6, 2010) (DOJ "cannot investigate every place of public accommodation" and

"[p]rivate plaintiffs play an important role in enforcing the ADA"). Federal courts around the country have long rejected the disparaging tactics to which Normal Brand resorts.[1]

## IV.    ARGUMENT

This Court has analyzed Title III's application to website accessibility claims in the context of Rule 12(b)(6) motions. Rather than address and apply these decisions to the facts of this case, Normal Brand recycles arguments the Court has rejected already. As it has done before, the Court should reject Normal Brand's arguments now.

### A.    Normal Brand Is A Public Accommodation.

The general anti-discrimination mandate of Title III of the ADA broadly prohibits "public accommodations" from denying individuals with disabilities "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" provided by any public accommodation. 42 U.S.C. § 12182(a). "Public accommodation" is defined to include a "clothing store." 42 U.S.C. § 12181(7)(E).

---

[1]    The Ninth, Tenth, and Eleventh Circuits—the only circuit courts to consider the issue in published opinions—have held that tester standing is viable under Title III of the ADA. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210-11 (10th Cir. 2014); and *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-37 (11th Cir. 2013). Additionally, many District Courts and legal scholars have directly rejected tactics similar to those employed by Normal Brand here. *See, e.g.*, *Norkunas v. HPT Cambridge, LLC*, 969 F. Supp. 2d 184, 194 (D. Mass. 2013) ("[Defendant] also points to the number of cases filed by the same plaintiff in this jurisdiction. Counsel have filed nine cases in this jurisdiction on behalf of [the plaintiff]. I am not impressed by this argument. If the ADA were enforced directly by the government, as are, for example, the fair housing laws, it is likely that government lawyers would have reached out to disabled individuals — "testers" as they are called — to find out which businesses were complying and which were not. [The named plaintiff] has functioned here as a "tester," which is entirely appropriate."); *see also Betancourt v. Ingram Park Mall*, 735 F. Supp. 2d 587, 596 (W.D. Tex. 2010) ("[P]rivate suits by necessity represent the main tool for ensuring compliance with Congress' intent in passing the ADA," most of which "are brought by a small number of private plaintiffs who view themselves as champions of the disabled."); *see also* Kelly Johnson, *Testers Standing up for the Title III of the ADA*, 59 Cas. W. Res. L. Rev. 683, 684 (2009), available at http://scholarlycommons.law.case.edu/caselrev/vol59/iss3/6 (last visited August 4, 2020).

Based on the allegations of the Complaint, Normal Brand qualifies as a "public accommodation" under Title III. Mr. Douglass alleges that Normal Brand "is a retailer that sells apparel and accessories direct to consumers" at a store which Normal Brand owns, operates, and controls, and which is located at https://thenormalbrand.com/. Compl., ECF 1 at ¶¶ 5, 6. Accepting these allegations as true, Normal Brand meets the definition of a "clothing store" to qualify as a "public accommodation" under Section 12181(7)(E) of Title III.

**B.     The Plain Meaning Of The Text Of Title III Does Not Require Public Accommodations To Operate A Physical Location.**

Ignoring the plain meaning of Title III of the ADA, Normal Brand asks the Court to impose a requirement not found in Title III's text. Specifically, Normal Brand argues that Title III only applies to businesses that operate physical locations. *See* ECF 123, pp. 3-6. The Court should reject this argument, as it has done in the past, because the brick-and-mortar requirement Normal Brand seeks to impose does not appear in Title III.

To date, the Court has rejected Normal Brand's argument at least six times. *See Douglass v. '47 Brand, LLC*, Case No. 2:20-cv-00491-AJS, ECF 92 (W.D. Pa. July 8, 2020); *Clark v. McCormick & Co., Inc.*, Case No. 1:19-cv-00301-AJS, ECF 99 (W.D. Pa. Jan. 16, 2020); *West v. DocuSign, Inc*., 2019 U.S. Dist. LEXIS 138379 (W.D. Pa. Aug. 15, 2019); *Suchenko v. ECCO USA, Inc*., 2018 U.S. Dist. LEXIS 139050 (W.D. Pa. Aug. 16, 2018); *Suchenko v. ECCO USA, Inc*., 2018 U.S. Dist. LEXIS 129862 (W.D. Pa. Aug. 2, 2018); and *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, 251 F. Supp 908 (W.D. Pa. 2017) ("*Lettuce Entertain You*"). In fact, Normal Brand's counsel has twice made the same argument on behalf of other clients before this Court. *See* Motion to Dismiss, *Douglass v. '47 Brand, LLC*, Case No. 2:20-cv-00491-AJS, ECF 51 (W.D. Pa. June 12, 2020); Motion to Dismiss, *Suchenko v. ECCO USA, Inc.*, Case No. 2:18-cv-00562-AJS, ECF 75 (W.D. Pa. July 23, 2018). The Court rejected defense counsel's

4

argument then, *see Suchenko v. ECCO USA, Inc*., 2018 U.S. Dist. LEXIS 129862 (W.D. Pa. Aug. 2, 2018) ("*ECCO USA, Inc.*"), and, for the same reasons, should reject it now.

As the Court previously explained, Normal Brand's brick-and-mortar argument rests on a flawed interpretation of *Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998) and *Peoples v. Discover Financial Services*, 387 Fed. Appx. 79 (3d Cir. 2010):

> The Court of Appeals for the Third Circuit in both *Ford* and *Peoples* did not desire to expand the meaning of "place of public accommodation" to include places where: (1) an insurance policy was issued or implemented, or (2) a credit card company's processing terminals were located. Importantly, however, in both *Ford* and *Peoples*, the alleged discrimination occurred at a location where neither the insurance carrier in *Ford*, nor the credit card company in *Peoples*, had ownership or possession, or exercised control.

> Turning to the facts as pled and as accepted as true for purposes of deciding the Motion to Dismiss presently before the Court in the instant case, the alleged discrimination <u>has</u> taken place on property that Defendant Holdings Acquisition, CO., LP, purportedly does own, operate, and/or control. Therefore, Plaintiff in this case has a nexus to the place of public accommodation and thus may claim the protections of Title III.

*ECCO USA, Inc.*, 2018 U.S. Dist. LEXIS 129862, *9 (emphasis in original) (citing *Lettuce Entertain You*).

The Court's prior decisions are correct because they apply the plain meaning of Title III's text to reject a physical nexus requirement that does not appear in the text of the statute and comport with the statutory analysis the Supreme Court outlined in *Bostock v. Clayton Cty.*, 2020 U.S. LEXIS 3252 (June 15, 2020). There, Justice Gorsuch made clear that plain terms control:

> Those who adopted the Civil Rights Act might not have anticipated their work would lead to this particular result. Likely, they weren't thinking about many of the Act's consequences that have become apparent over the years, including its prohibition against discrimination on the basis of motherhood or its ban on the sexual harassment of male employees. But the limits of the drafters' imagination supply no reason to ignore the law's demands. When the express terms of a statute

give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit.

…

Rather than suggesting that the statutory language bears some other *meaning*, the employers and dissents merely suggest that, because few in 1964 expected today's *result*, we should not dare to admit that it follows ineluctably from the statutory text. When a new application emerges that is both unexpected and important, they would seemingly have us merely point out the question, refer the subject back to Congress, and decline to enforce the plain terms of the law in the meantime.

That is exactly the sort of reasoning this Court has long rejected. Admittedly, the employers take pains to couch their argument in terms of seeking to honor the statute's "expected applications" rather than vindicate its "legislative intent." But the concepts are closely related. One could easily contend that legislators only intended expected applications or that a statute's purpose is limited to achieving applications foreseen at the time of enactment. However framed, the employer's logic impermissibly seeks to displace the plain meaning of the law in favor of something lying beyond it.

*Bostock*, 2020 U.S. LEXIS 3252, at *9-10, *47-48 (emphasis in the original); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 588 (3d Cir. 2020) (refusing to "[i]nject[] a writing requirement" that did not appear in the text of the statute at issue).

Here, Mr. Douglass alleges he is a person with a disability and that Normal Brand is a clothing store that discriminated against him. Compl., ECF 1 at ¶¶ 5, 6, 8, 26. Because the plain text of Title III prohibits a "clothing store," like Normal Brand, from discriminating against persons with disabilities, like Mr. Douglass, *Bostock* and *Riccio* confirm no further analysis is appropriate. 42 U.S.C. §§ 12181(7)(E), 12182(a). "[W]hen the meaning of the statute's terms is plain, [the court's] job is at an end." *Bostock*, 2020 U.S. LEXIS 3252, at *43-44; *see also Riccio*, 954 F.3d at 588 ("And when a statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.")

(internal quotations omitted). Litigants "are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." *Id.* at *44.[2]

The Court should reject Normal Brand's claim that the ADA only protects patrons of "physical accommodations" and hold, as it has done before, that consumers who are blind are entitled to full and equal access to a retailer's goods and services, regardless of whether those goods and services are provided at a physical location or online.

## V.   CONCLUSION

For the foregoing reasons, Mr. Douglass respectfully requests the Court deny Normal Brand's motion in its entirety.

Respectfully Submitted,

Dated: August 4, 2020

*/s/ Kevin W. Tucker*

Kevin W. Tucker (He/Him/His)
Pa. No. 312144
Kevin J. Abramowicz
Pa. No. 320659
EAST END TRIAL GROUP LLC
186 42nd St., P.O. Box 40127
Pittsburgh, PA 15201
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com

---

[2]   Although the exercise is unnecessary here, were the Court to consider Title III's "expected applications," it would find "the legislative history of the ADA makes clear that Congress intended the ADA to adapt to changes in technology. *See e.g.*, H.R. Rep. 101-485 (ii), at 108 (1990) ('The Committee intends that the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing technology of the times.')." *Nat'l Ass'n of the Deaf v. Netflix*, 869 F. Supp. 2d 196, 200-01 (D. Mass. 2012). The House Committee report also explains that that "technological advances can be expected to further enhance options for making meaningful and effective opportunities available to individuals with disabilities" and "[s]uch advances may require public accommodations to provide auxiliary aids and services in the future which today would not be required." H.R. Rep. 101-485 (ii), at 108.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, August 4, 2020, a true and correct copy of the foregoing

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss was filed on the

Court's CM/ECF system and will be served upon all counsel of record.

Respectfully Submitted,

Dated: August 4, 2020

*/s/ Kevin W. Tucker*

Kevin W. Tucker (He/Him/His)
Pa. No. 312144
EAST END TRIAL GROUP LLC
186 42nd St., P.O. Box 40127
Pittsburgh, PA 15201
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com

8