IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-cv-543 |
| v. | ) |
| | ) |
| NORMAL BRAND, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT NORMAL BRAND, L.L.C'S REPLY BRIEF
IN SUPPORT OF IT'S MOTION TO DISMISS**

Defendant Normal Brand, LLC ("Normal Brand") respectfully submits this Reply Brief in support of its Motion to Dismiss plaintiff Blair Douglass' Complaint, with prejudice, for failure to state a claim upon which relief can be granted. Plaintiff admits that "Normal Brand does not operate a brick-and-mortar retail storefront." Compl, ECF No. 1, ¶ 5. Notwithstanding that concession, he argues that he can state a claim under the "plain meaning" of Title III because Normal Brand is a "clothing store." Far from being supported by the text of the statute, this argument ignores the fact that the Third Circuit has limited the definition of "public accommodation" to physical spaces. Indeed, that is the only interpretation supported by the statutory text. Thus, the Court should reject Plaintiff's arguments and dismiss the Complaint

**I.   ARGUMENT**

    **A.   Normal Brand is Not a "Public Accommodation"**

Plaintiff's response rests on a flawed premise: that Normal Brand – a clothing apparel and accessories brand that, as Plaintiff admits, has no physical store locations – constitutes a "public accommodation" under the "ADA" because it is a "clothing store." That is not the law in the Third Circuit. Nor does Plaintiff's argument find any support in the plain text

of the statute.

> Title III of the ADA states:
>
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of *any place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a) (emphasis added). Thus, to be liable under the statute, Normal Brand must be a "person who owns, leases (or leases to), or operates a *place of public accommodation*." *Id.* (emphasis added).

Under the statute, "private entities are considered public accommodations . . . if the operations of such entities affect commerce" and fall into one of twelve enumerated categories. *Id.* § 12181(7).

As the Third Circuit has made clear, "[t]he litany of terms" in Section 12181(7) "refer to places with resources *utilized by physical access*." *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 614 (3d Cir. 1998) (emphasis added). "They are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 534 (5th Cir. 2016) (internal quotation omitted). "Accordingly," the Third Circuit has held that "the term 'public accommodation' or the terms in 42 U.S.C. § 12181(7) [do not] refer to non-physical access[.]" *Ford*, 145 F.3d at 614. The Third Circuit has also rejected the notion that the terms are ambiguous: under a plain reading, the terms simply do not extend to non-physical spaces like Normal Brand's website. *Id.*

Contrary to Plaintiff's contentions, this is the only interpretation supported by the plain language of the statute. *See id.* at 612-13. "The plain meaning of Title III is that a public accommodation is a place." *Id.* at 614. The term "place" means "*a building or locality* used for a special purpose." *Place*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) (emphasis

added). As Plaintiff himself admits, Normal Brand does not have a building or locality from which it sells its products. Compl., ECF No. 1 ¶ 5. Thus, it is not a "place of public accommodation" under the statute.

Plaintiff offers no response to this text-based argument. Instead, he argues that Normal Brand is a "clothing store" (one of the enumerated categories in Section 12181(7)(E)) and, thus, covered by Title III. Here again, the text of the statute does not actually support Plaintiff's theory, and Plaintiff makes no attempt to even square his argument with the plain meaning of the statute's terms. "Store" is defined as "a business *establishment* where usually diversified goods are *kept for retail sale*." *Store*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) (emphasis added). An "establishment," in turn, means "a *place of business* or residence *with its furnishings and staff*." *Establishment*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999). As the Supreme Court has likewise recognized, the term "establishment" is "normally used in business and in government . . . as meaning a distinct *physical place of business*." *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 496 (1945) (emphasis added). And as already noted, "place" means "*a building or locality* used for a special purpose." *Place*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) (emphasis added). Read together, these definitions make clear that only *physical* stores – not online-only retailers – constitute "public accommodations" under Section 12181(7)(E). As a result, based on a plain reading of the statute, Normal Brand is not a "clothing store" within the meaning of the ADA because it lacks physical locations and, thus, not a public accommodation.[1]

---

[1] The DOJ's regulatory guidance also confirms that Section § 12181(7)(E) is limited to "actual stores." *Magee*, 833 F.3d at 536 (citing Americans with Disabilities Act Title III Covering Public Accommodations and Commercial Facilities, § III-1.2000, *available at* https://www.ada.gov/taman3.html)).

### B. Plaintiff Cannot Establish a Nexus Between a Place of Public Accommodation and the Normal Brand Website.

Plaintiff argues that "consumers who are blind are entitled to full and equal access to a retailer's goods and services, regardless of whether those goods and services are provided at a physical location or online." Pl.'s Resp., ECF No. 124 at 7. Not so. As the Third Circuit has explained, "the 'goods, services, facilities, privileges, advantages, or accommodations' concerning which a disabled person cannot suffer discrimination are not freestanding concepts but rather all refer to the statutory term 'public accommodation' and thus to what these places of public accommodation provide." *Ford*, 145 F.3d at 613. Plaintiff "cannot point to these terms as providing protection from discrimination *unrelated to places*." *Id.* (emphasis added). Because Plaintiff cannot, as a matter of law, establish that Normal Brand is a "public accommodation" under the plain terms of the statute (and Plaintiff makes no argument that the website, standing alone, is a public accommodation), he has not plausibly alleged that he was "discriminated against in connection with a public accommodation." *Id.* Thus, Plaintiff fails to state a claim, and the Court should dismiss the Complaint with prejudice.

The decisions from this Court on which Plaintiff rely do not compel a different conclusion. For example, in *Gniewkowski v. Lettuce Entertain You Enters., Inc.*, 251 F. Supp. 3d 908, 915 (W.D. Pa. 2017), the defendant did "not dispute that it is a bank and is, therefore, a place of public accommodation." Of course, Normal Brand *does* dispute that it is a public accommodation. Therefore, the Court must address that issue here under the statutory framework discussed above. In its other decisions in this context, the Court has also not directly addressed Plaintiff's argument – that a defendant like Normal Brand, with no physical presence – constitutes a "public accommodation" under the statute.

**II.    CONCLUSION**

Normal Brand respectfully requests that, given the plain statutory meaning, the growing consensus from other courts in the Third Circuit, and the fact this case is distinguishable from this Court's prior holdings in other ADA matters, Plaintiff's claims should be dismissed. For the foregoing reasons, as well as those in Normal Brand's Motion to Dismiss and Brief in Support, the Court should dismiss Plaintiff's Complaint with prejudice.

<div style="margin-left:40%">

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By:    /s/ Ryan J. Wilk
      Christian Antkowiak, PA Bar No. 209231
      christian.antkowiak@bipc.com
      Ryan J. Wilk, PA Bar No. 316696
      ryan.wilk@bipc.com
      One Oxford Centre, 20th Floor
      301 Grant Street
      Pittsburgh, PA 15219
      Phone:  (412) 562-8800
      Fax:     (412) 562-1041

McCARTHY, LEONARD & KAEMMERER, L.C.

By:    /s/ Chad M. deRoode
      Brian E. McGovern , Mo. Bar No. 34677
      Pro Hac Vice Admitted
      bmcgovern@mlklaw.com
      Chad M. deRoode, Mo. Bar No. 47749
      Pro Hac Vice Admitted
      cderoode@mlklaw.com
      825 Maryville Center Drive, Suite 300
      Town and Country, Missouri, 63017
      Telephone:     (314) 392-5200
      Facsimile:       (314) 392-5221

</div>